# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 1:11-CR-166** |
| | : | |
| v. | : | **(Chief Judge Conner)** |
| | : | |
| **DAMIEN HAMMONDS,** | : | |
| | : | |
| **Defendant** | : | |

## **ORDER**

AND NOW, this 12th day of April, 2017, upon consideration of the motion (Doc. 613) for reconsideration filed by defendant Damien Hammonds ("Hammonds"), wherein Hammonds seeks reconsideration of the court's order (Doc. 611) denying his motion (Doc. 598) to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, which motion argued, *inter alia*, that Hammonds' trial counsel was ineffective in failing to object to Hammonds' loss of his constitutional right to confrontation when a police officer testified concerning the contents of a lab report and not the lab technician, and the court having concluded that trial counsel was not ineffective as he made a reasonable strategic decision and no prejudice to Hammonds resulted from said decision, (see Doc. 610 at 7), and the court emphasizing that the purpose of a motion for reconsideration is to present newly discovered evidence or to correct manifest errors of law or fact, see Max's Seafood Café v. Quinteros, 176 F.3d 669, 677-78 (3d Cir. 1999); Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), and noting that the court possesses an inherent power to reconsider its orders "when it is consonant with justice to do so," United States

v. Jerry, 487 F.2d 600, 605 (3d Cir. 1973); Alea N. Am. Ins. Co. v. Salem Masonry Co. 301 F. App'x 119, 121 (3d Cir. 2008), but that such relief is to be granted "sparingly," Montanez v. York City, Civ. No. 12-CV-1530, 2014 WL 3534567, at *7 (M.D. Pa. July 16, 2014) (quoting Continental Casualty Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995)), and that a party may not invoke a motion for reconsideration as a means to relitigate matters already resolved by the court, see Boretsky v. Governor of N.J., 433 F. App'x 73, 78 (3d Cir. 2011) (quoting Wilchombe v. TeeVee Toons, Inc., 555 F.3d 949, 957 (11th Cir. 2007)), nor is a motion for reconsideration "an opportunity for a party to present previously available evidence or new arguments," Federico v. Charterers Mut. Assurance Ass'n Ltd., 158 F. Supp. 2d 565, 577 (E.D. Pa. 2001); see also Harsco Corp., 779 F.2d at 909, and it appearing that Hammonds bases his motion on arguments identical to or expanding upon those previously raised before—and rejected by—the undersigned, and does not substantiate a clear error of law in the court's prior decision, and accordingly fails to satisfy the exacting standard of review applied to motions for reconsideration, it is hereby ORDERED that:

1. Hammonds' motion for reconsideration (Doc. 613) of the court's order (Doc. 611) dated February 17, 2017 is DENIED.

2. The court finds no basis to issue a certificate of appealability. See FED. R. APP. P. 22(b)(1); 28 U.S.C. § 2253.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania